FILED IN CLERK'S OFFICE

AUG 0 5 2004

LUTHER ~~~~ Clerk
By: ~~~~ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA, ) ) ) ) Plaintiffs, ) ) ) THE STATE OF ALABAMA; THE ) COOSA RIVER BASIN ) INITIATIVE, INC.; and WEISS ) LAKE IMPROVEMENT ) ASSOCIATION, INC., ) ) Plaintiffs/Intervenors, ) ) v. ) ) DALTON UTILITIES AND THE ) WATER, LIGHT AND SINKING ) FUND COMMISSION OF THE ) CITY OF DALTON, GEORGIA, ) ) Defendants. ) | CIVIL ACTION FILE NO. 4:98-CV-0191-HLM |

### DEFENDANTS' MOTION TO TERMINATE CONSENT DECREE

**COME NOW** Defendants, Dalton Utilities and the Water, Light and Sinking Fund Commission of the City of Dalton, Georgia, by and through their undersigned counsel, and pursuant to Fed. R. Civ. P. 60(b) and the Consent Decree entered by the Court's March 28, 2001, Order granting the United States' Motion to Enter Consent Decree, and file this "Motion To Terminate Consent Decree." Specifically, Defendants move, pursuant to Sections XXI-XXIV, to terminate the Consent Decree and the Court's supervision of Defendants under those Sections.

ATL01/11430794v2

The "Memorandum In Support of Defendants' Motion To Terminate Consent Decree," with accompanying Termination Report, (which is being filed contemporaneously herewith), provides support for this Motion and shows that all terms of each Section of the Consent Decree have been met, and that there are no conditions preventing the Court from granting the relief sought.

Respectfully submitted, this 4th day of August, 2004.

                                        **ALSTON & BIRD, LLP**

                                        Lee A. DeHihns, III
                                        Georgia Bar No. 216259

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA, )<br><br>Plaintiffs, )<br><br>THE STATE OF ALABAMA; THE COOSA RIVER BASIN INITIATIVE, INC.; and WEISS LAKE IMPROVEMENT ASSOCIATION, INC., )<br><br>Plaintiffs/Intervenors, )<br><br>v. )<br><br>DALTON UTILITIES AND THE WATER, LIGHT AND SINKING FUND COMMISSION OF THE CITY OF DALTON, GEORGIA, )<br><br>Defendants. ) | CIVIL ACTION FILE NO. 4:98-CV-0191-HLM |

**MEMORANDUM IN SUPPORT OF DEFENDANTS'
MOTION TO TERMINATE CONSENT DECREE**

**COME NOW** Defendants, Dalton Utilities and the Water, Light and Sinking Fund Commission of the City of Dalton, Georgia, by and through their undersigned counsel, and in support of "Defendants' Motion to Terminate Consent Decree," show the Court, through the statements herein and accompanying Termination Report, as follows:

ATL01/11430794v2

1. **Section XXVI - TERMINATION OF WORK PERTAINING TO DEFENDANTS' PRETREATMENT PROGRAM**

With respect to Section XXVI, specifically Paragraph 86 of the Consent Decree, Defendants state that Defendants have not been required to pay any penalties under Paragraph 86(a). Defendants state that none of the omissions listed in Subparagraphs 12(a), (b), (c), (d) or (e) of Section VI of the Consent Decree, have occurred within the 24-month period preceding the filing of this Motion for Termination, thereby satisfying Paragraph 86(b). Defendants state that there are no pending disputes concerning Section VI of the Consent Decree under subparagraph 86(c). Defendants therefore request that the "Defendants' Motion to Terminate Consent Decree" be granted with respect to Section XXI of the Consent Decree.

2. **Section XXII – TERMINATION OF WORK PERTAINING TO DEFENDANTS' LAND APPLICATION SYSTEM ("LAS")**

Regarding Section XXII, specifically Paragraph 87 of the Consent Decree, Defendants state that the provisions of Paragraph 87(a) were met by letter dated May 17, 2002, signed by the Director of the Environmental Protection Division of the Georgia Department of Natural Resources. This letter communicated a final agency determination by EPD that an NPDES permit is not needed for Defendants' LAS. A copy of the May 17, 2002, letter is attached as Exhibit "A." The provisions of Paragraph 87(b) of the Consent Decree have been satisfied because there have been no administrative or judicial challenges regarding Georgia's final decision regarding an NPDES permit for Defendants' LAS. Under Paragraph 87(c), Defendants have not been required to take any corrective action required by Section VIII of the Consent Decree. In

accordance with the provisions of Paragraph 87(d), of the Consent Decree, Defendants paid all penalties required. In accordance with the provisions of Paragraph 87(e), there are no pending disputes, nor have *any* disputes ever arisen, concerning obligations of Defendants under Section VIII. Defendants therefore request that the "Defendants' Motion to Terminate Consent Decree" be granted with respect to Section XXII of the Consent Decree.

### 3. Section XXIII – TERMINATION OF WORK PERTAINING TO DEFENDANTS' COLLECTION SYSTEM

Regarding Section XXIII, Defendants state, in support of its motion, that the provisions of Paragraph 88(a) of the Consent Decree have been satisfied, in that more than twelve (12) months have elapsed since the effective date of the March 28, 2001, Consent Decree. Defendants further state that all obligations imposed by the provisions of Paragraphs 14, 18, 19, 20, and 21 of Paragraph 88(b) of the Consent Decree have been met. Regarding the provisions of Paragraph 88(c), Defendants, submit Exhibit "B", which demonstrates that all actions taken, and obligations required, pursuant to Paragraphs 18 and 21 of the Consent Decree have been met, including the requirement that no flows from the wastewater treatment facilities, which interfere with the facility's proper operation, will occur in the twelve (12) months following termination of this Consent Decree. Defendants state, with respect to the provisions of Subparagraph 88(d), that there are no pending disputes concerning Section VII of this Consent Decree. Defendants also state that there have been no penalties required to be paid pursuant to the provisions of Paragraph 88(e) of the Consent Decree. Defendants therefore request that the "Defendants' Motion to Terminate Consent Decree" be granted with respect to Section XXIII of the Consent Decree.

4.  **Section XXIV – TERMINATION OF WORK PERTAINING TO THE UNITED STATES' SLUDGE CLAIMS**

Defendants state that in accordance with the provisions of Paragraph 89(a), Defendants have completed all obligations under Section IX of the Consent Decree. Defendants assert that they have fully complied with Paragraphs 28, 29, 30, 31, 32, and 33 of the Consent Decree. With respect to Paragraph 34(b) of the Consent Decree, Defendants submitted a plan to U.S. EPA for approval and such plan was approved on November 14, 2002. Defendants have implemented the plan to reduce nitrate concentrations to below 10mg/l. Defendants have met their obligations pursuant to Paragraphs 35 and 36 of Section IX (Sludge) of the Decree. With respect to Paragraph 89(b) of the Consent Decree, Defendants have complied with all prohibitions listed in Section IX of the Consent Decree. Defendants have not been required to pay any penalties under Paragraph 89(c) of Section IX of the Consent Decree.. Finally, Defendants state that there are no pending disputes concerning Section IX of the Consent Decree under Paragraph 89(d) of the Consent Decree. Defendants therefore request that "Defendants' Motion to Terminate Consent Decree" be granted with respect to Section XXIV of the Consent Decree.

Because all obligations, under the four separate sections of the Consent Decree listed above, have been met, Defendants file this Memorandum in Support of its Motion to Terminate Consent Decree.

Respectfully submitted, this 4th day of August, 2004.

**ALSTON & BIRD, LLP**

*[signature]*

Lee A. DeHihns, III
Georgia Bar No. 216259

One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia   30309-3424
(404) 881-7000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF GEORGIA,  )<br>)<br>)<br>**Plaintiffs,**  )<br>)<br>THE STATE OF ALABAMA; THE COOSA RIVER BASIN INITIATIVE, INC.; and WEISS LAKE IMPROVEMENT ASSOCIATION, INC.,  )<br>)<br>)<br>)<br>)<br>)<br>**Plaintiffs/Intervenors,**  )<br>)<br>v.  )<br>)<br>DALTON UTILITIES AND THE WATER, LIGHT AND SINKING FUND COMMISSION OF THE CITY OF DALTON, GEORGIA,  )<br>)<br>)<br>)<br>)<br>**Defendants.**  ) | CIVIL ACTION FILE<br>NO. 4:98-CV-0191-HLM |

## CERTIFICATE OF SERVICE

I hereby certify that I have served copies of the foregoing "**DEFENDANTS' MOTION TO TERMINATE CONSENT DECREE;**" "**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO TERMINATE CONSENT DECREE;**" and "**TERMINATION REPORT,**" upon counsel in this action by mailing same in the United States mail, postage prepaid and properly addressed as follows:

(Continued on Next Page)

William Weinischke, Esq.
Senior Counsel
U. S. Department of Justice
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Ben Franklin Station
Washington, D.C. 20044-7611

Thurbert E. Baker, Esq.
William R. Phillips, Esq.
State of Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300

Sally Quillian Yates, Esq.
Acting United States Attorney
Northern District of Georgia
75 Spring Street, S.W., Suite 1800
Atlanta, Georgia 30335

R. Craig Kneisel, Esq.
William D. Little, Esq.
State of Alabama
Office of Attorney General
Alabama State House
11 South Union Street
Montgomery, Alabama 36130-0152

Douglas P. Haines, Esq.
264 North Jackson Street
Athens, Georgia 30601

This 4th day of August, 2004.

Lee A. DeHihns, III
Georgia Bar No. 216259

**ALSTON & BIRD, LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, Georgia 30309-3424
(404) 881-7000