FILED IN CLERK'S OFFICE
U.S.D.C.

JAN 25 2005

LUTHER D. THOMAS, Clerk
By: [signature]
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

United States of America and
the State of Georgia,

    Plaintiffs,

State of Alabama, The Coosa
River Basin Initiative, Inc.,
and Weiss Lake Improvement
Association, Inc.,

    Plaintiffs-Intervenors,

v.

Dalton Utilities and the
Water, Light, and Sinking
Fund Commission of the City of
Dalton, Georgia,

    Defendants.

CIVIL ACTION FILE
NO. 4:98-CV-0191-HLM

ORDER

    This case is before the Court on Defendants' Motion to Terminate Consent Decree and the parties' Stipulation Regarding Defendants' Motion to Terminate Consent Decree [85].

    On September 10, 2004, the Court entered an Order staying all proceedings as to Defendants' Motion to Terminate with respect to the Pretreatment Program until the Court received further notice from Defendants. (Order of Sept. 10, 2004.) The Court directed the Clerk to re-submit the case to this Court

after four months. (Id.) On January 18, 2005, the Court entered an Order directing counsel to notify the Court concerning the status of the remaining portion of Defendants' Motion to Terminate Consent Decree within ten days. (Order of Jan. 18, 2005.)

On January 25, 2005, the Court received a Stipulation Regarding Defendants' Motion to Terminate Consent Decree from counsel. In the Stipulation, counsel state that Plaintiff United States does not agree that termination of the portion of the Consent Decree relating to Defendants' Pretreatment Program is appropriate, and that counsel are attempting to resolve the disagreement without the need for action by the Court. (Stipulation Defs.' Mot. Terminate Consent Decree at 1-2.) Counsel request that the Court hold the remaining portion of Defendants' Motion to Terminate Consent Decree, which pertains to the pretreatment program, in abeyance for sixty days. (Id. at 2.)

Defendants' Motion to Terminate Consent Decree is listed on the Court's six-month list, which imposes deadlines for resolving pending motions. The Court's six-month list requires the Court to resolve Defendants' Motion to Terminate Consent Decree by March 31, 2005. Allowing the Motion to Terminate Consent Decree to remain in abeyance for sixty days will, in all likelihood, cause the Court to fail to resolve that Motion within the

2

deadline set forth in the six-month list. The Court therefore cannot allow the Motion simply to remain in abeyance for sixty days. The Court, however, will deny the Motion without prejudice, and will permit Defendants to revive the Motion simply by filing a one-page document with the Court after the conclusion of the sixty-day period.

ACCORDINGLY, the Court **DENIES WITHOUT PREJUDICE** Defendants' Motion to Terminate Consent Decree [69]. The Court declines to approve the parties' Stipulation Regarding Defendants' Motion to Terminate Consent Decree [85].

IT IS SO ORDERED, this the 25 day of January, 2005.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev. 8/82)